IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Shonna Henry, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br><br><br><br><br>        -v.-<br>  A.R.M. Solutions, Inc.,<br><br><br>                              Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shonna Henry (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys against Defendant A.R.M. Solutions, Inc. (hereinafter "Defendant" or "ARMS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("The FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ 1692(b) and 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintif resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas in the County of Kaufman.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served in Texas c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E 7ᵗʰ Street, Suite 620, Austin, TX, 78701.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

   a.  all individuals with addresses in the State of Texas;

   b.  to whom Defendant sent multiple collection letter attempting to collect a consumer debt;

   c.  in which one letter stated that payment should be issued to the original creditor;

   d.  while the second letter stated that the payment should be made to the Defendant:

   e.  which letters were sent on or after a date one (1) year prior to the filing of this action and on or before December 17, 2024.

The Sub-Class consists of:

   a.  all individuals with addresses in the State of Texas;

   b.  to whom Defendant sent collection letters attempting to collect a consumer debt;

   c.  in which a letter states that payment should be made to the original creditor and once payment is made, the debt collector would remove it from collections; and

3

    d.   which letters were sent on or after a date one (1) year prior to the filing of this action and on or before December 11, 2024.

The second Sub-Class consists of:

    e.   all individuals with addresses in the State of Texas;

    f.   to whom Defendant sent collection letters attempting to collect a debt;

    g.   in which the letter states that the consumer is responsible for notifying the original creditor once debt is paid; and

    h.   which letters were sent on or after a date one (1) year prior to the filing of this action and on or before December 11, 2024.

12.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class is the Defendant and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

15.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>**  The Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 USC §§ l692e and 1692f.

   c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to April 2, 2024, an obligation was allegedly incurred by Plaintiff to White Knight Pest Control.

21. The alleged obligation arose out of a transaction involving a debt incurred by Plaintiff with White Knight Pest Control ("White Knight") in which the subject of the transaction was primarily for personal, family or household purposes, specifically the use of White Knight's pest control services.

6

22.     The alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24.     Upon information and belief, White Knight contracted with the Defendant ARMS to collect the alleged debt.

25.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*April 2, 2024 Collection Letter*</u>

26.     On or about April 2, 2024, Defendant sent the Plaintiff a collection letter ("Letter 1") seeking to collect an alleged debt.  **See Letter 1 – Attached hereto as Exhibit A.**

27.     The letter states a balance of $112.58. *Id.*

28.     It states the name of the Defendant on the left hand side as, "A.R.M. Solutions, Inc." along with its license number, mailing address, and phone number. *Id*.

29.     On the right hand side, it states the Statement of Account representing the client as "White Knight Pest Control." *Id*.

30.     Further, the letter states:

> You have previously been sent notices regarding the above mentioned account and this account still remains unpaid.
> Send your payment payable to our client for the full amount due along with return portion below.
> **For faster payment processing pay your balance online at http://www.whiteknightpest.com.**
> When your payment is received, we will remove this record from our active collection files.

> *See* Exhibit A. (emphasis added)

31.    It is clear from the letter that the Plaintiff should issue payment directly to White Knight, the original creditor and not to ARMS.

32.    The return portion of the letter strongly indicates that the most effective means of paying for the alleged debt would be for Plaintiff to pay White Knight directly, as it states, "to guarantee accurate posting, remit to the address below", and immediately below, states White Knight's mailing address. *Id.*

33.    The Plaintiff received correspondence from Defendant ARMS, a self identified debt collector, yet in the very same letter, it states payment should be issued to White Knight.

*April 19, 2024 Collection Letter*

34.    On or about April 19, 2024, Defendant sent a second collection letter. *See* Letter 2, referred to as Exhibit B.

35.    Letter 2 states in relevant part:

To communicate with us about your account, text ARM to 25277

To make a payment online:
www.armwebpay.com


For further information or to pay by phone, please call:
(805)754-2266

**Mail check or money order payable to:**
**A.R.M. Solutions, Inc.**

*See* Exhibit B (emphasis added).

36.    Letter 2 differs from Letter 1 in the method of payment.

37.    Letter 1 states that Plaintiff should issue payment to White Knight whereas Letter 2 states that Plaintiff should issue payment to ARMS only.

38.    Letter 2 states further in relevant part:

8

Upon clearance of payment, it is the customer's responsibility to inform White Knight Pest Control that service is to be reinstated.

*See* Exhibit B.

39.     The two collection letters, Letter 1 and Letter 2 have multiple issues which culminate in multiple violations of § 1692.

40.     First, Letter 1 states that payment should be issued to the original creditor White Knight, while Letter 2 – sent to Plaintiff in or about the same month as Letter 1 - states that payment should be issued to ARM.

41.     Plaintiff was highly confused and misled by conflicting payment methods in the back to back letters.

42.     Second, in Letter 1 it states, "[w]hen your payment is received, we will remove this record from our active collection files." *See* Exhibit A.

43.     Pursuant to Letter 1, payment should be issued to White Knight. If that's the case, how would ARMS know that payment was issued to White Knight to remove Plaintiff's account from collections?

44.     This further caused the Plaintiff to feel very skeptical and doubtful about the validity and veracity of the alleged debt.

45.     Third, it states in Letter 2, "upon clearance of payment it is the customer's responsibility to inform White Knight Pest Control that service is to be reinstated." See Exhibit B.

46.     For a debt collection company to suggest that the burden of informing the original creditor of repayment is on the consumer is highly absurd and nonsensical.

47.     White Knight hired ARMS to collect the alleged debt owed by Plaintiff.

48.     It is obviously that the role of the debt collector, ARMS, to inform the original creditor, White Knight, when the Plaintiff repays the alleged debt.

49.     Therefore, this added to Plaintiff's confusion, skepticsm and doubt, as to the validity and veracity of the alleged debt.

50.     ARMS with its multiple discrepancies, and unreasonable statements in both collection letters, displayed a lack of professionalism and competence befitting an established debt collection company.

51.     Accordingly, Plaintiff had ample reason for confusion, skepticsm, and doubt as to the validity and veracity of the alleged debt.

52.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

54.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

55.     Plaintiff was confused and misled to her detriment by the statements in the dunning letters, and relied on the contents of the letters to her detriment.

56.     Plaintiff would have pursued a different course of action were it not for the violations.

57.     As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

58.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.     Defendant violated said section

   a.   by sending multiple collection letters with conflicting payment methods;

   b.   by making multiple statements in both letters that materially misrepresented the roles of the debt collector and consumer and that gave Plaintiff reason for concern as to the validty and veracity of the alleged debt; and

   c.   by making a false and misleading representation in violation of § 1692e(10);

   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

62.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11

63.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64.    Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65.    Defendant violated § 1692f:

  a.  by sending Plaintiff multiple collection letters with conflicting payment methods;

  b.  and by making multiple statements in both letters that materially misrepresented the roles of the debt collector and consumer and that gave Plaintiff reason for concern as to the validty and veracity of the alleged debt.

66.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attroneys' fees.


## DEMAND FOR TRIAL BY JURY

67.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shonna Henry, individually and on behalf of all others similarly situated demands judgment from Defendant A.R.M. Solutions, Inc. as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joshua Cohen, Esq., as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 17, 2024                    **Stein Saks PLLC**

/s/ Joshua Cohen
Joshua Cohen, Esq.
One University Plaza, Suite 600
Hackensack, New Jersey 07061
Phone: (201) 282-6500 x121
Fax: (201) 282-6501
jcohen@steinsakslegal.com
Pro Hac Vice Pending

By: /s/ Nayeem N. Mohammed
Nayeem N. Mohammed
State Bar No. 24082001
LAW OFFICE OF NAYEEM N.
MOHAMMED
539 W. Commerce St. #1899
Dallas, Texas 75208
Telephone: (972) 767-9099
nayeem@nnmpc.com
Local Counsel for Plaintiff
*Attorneys for Plaintiff*